# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY ALLEN JONES,

           Plaintiff,

           v.

AMAZON, et al.,

           Defendants.

CIVIL ACTION NO. 1:15-cv-01106

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a *pro se* Title VII employment discrimination and retaliation case. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). The plaintiff, Jeffrey Allen Jones, an African-American male, alleges that he was subjected to a hostile work environment, denied the opportunity for promotion, and ultimately terminated from his employment at an Amazon distribution center due to his race and in retaliation for his efforts to secure a promotion.[1] He has been granted leave to proceed *in forma pauperis* in this action.

---

[1] Although he worked at an Amazon distribution center, it appears from the complaint that Jones was employed by a staffing agency—one of the other three defendants, all three of which appear to be related corporations.

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*,

481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the

Court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues &*

*Rights, Ltd.*, 551 U.S. 308, 322 (2007).

As recently summarized by the Supreme Court of the United States:

> Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42
> U.S.C. § 2000e *et seq.*, sets out a detailed, multi-step
> procedure through which the [Equal Employment
> Opportunity Commission ("EEOC" or "Commission")]
> enforces the statute's prohibition on employment
> discrimination. The process generally starts when "a
> person claiming to be aggrieved" files a charge of an
> unlawful workplace practice with the EEOC. § 2000e-
> 5(b). At that point, the EEOC notifies the employer of the
> complaint and undertakes an investigation. *See ibid.* If
> the Commission finds no "reasonable cause" to think that
> the allegation has merit, it dismisses the charge and
> notifies the parties. *Ibid.* The complainant may then
> pursue her own lawsuit if she chooses. *See* § 2000e-
> 5(f)(1).

*Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015).

"A [Title VII] complaint does not state a claim upon which relief may

be granted unless it asserts the satisfaction of the precondition to suit

specified by Title VII: prior submission of the claim to the EEOC (or a

state conciliation agency) for conciliation or resolution." *Hornsby v. U.S.*

*Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Under Title VII . . . , plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed to access federal judicial relief. Such states are termed 'deferral' states. It is undisputed that Pennsylvania is a deferral state.") (citations omitted). "[A] plaintiff is not obligated to plead exhaustion of administrative remedies with particularity, but may instead allege in general terms that the required administrative process has been completed." *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 102 (3d Cir. 2014); *see also id.* at 111–12 (discussing pleading standard for this condition precedent); Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

Here, the complaint fails to allege exhaustion of administrative remedies, generally or otherwise. Although Jones has alleged that he "reported to the Philadelphia District Office of the EEOC" a few days *before* his termination, he has not alleged that he filed a written charge of discrimination with the EEOC or the Pennsylvania Human Rights

- 4 -

Commission ("PHRC"), nor that he received a "right-to-sue" letter from the EEOC or PHRC upon completion of its investigation. *See Mach Mining*, 135 S. Ct. at 1651 ("[A]n employee must obtain a right-to-sue letter before bringing suit—and a court will typically insist on satisfaction of that condition."). Absent any allegation that Jones filed a claim of employment discrimination with the EEOC or PHRC, and that he was ultimately issued a right-to-sue letter by the investigating agency, his complaint fails to state a claim upon which relief can be granted.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, it does not appear that amendment would be futile or inequitable. It is therefore recommended that Jones be granted leave to file an amended complaint within a specified time period following dismissal of his original complaint.

Accordingly, it is recommended that:

1.    The complaint (Doc. 1) be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2.     The plaintiff be granted leave to file a curative amendment within a specified time period after dismissal of the complaint;

3.     The Clerk be directed to **CLOSE** this case if an amended complaint is not timely filed; and

4.     This matter be remanded to the undersigned for further proceedings, if any.

Dated: December 9, 2016               ***s/ Joseph F. Saporito, Jr.***
                                      JOSEPH F. SAPORITO, JR.
                                      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY ALLEN JONES,

     Plaintiff,

     v.

AMAZON, et al.,

     Defendants.

CIVIL ACTION NO. 1:15-cv-01106

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 9, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Dated: December 9, 2016                    ***s/ Joseph F. Saporito, Jr.***
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge